UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DEMETRIUS ROGERS,

        Plaintiff,        Case No. 1:17-cv-527

v.        Honorable Paul L. Maloney

LYLE MINDLIN et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed as frivolous and for failure to state a claim.

**Factual Allegations**

Plaintiff Demetrius Rogers is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Kinross Correctional Facility (KCF) in Kincheloe, Michigan. Plaintiff has filed suit against Defendants Dr. Lyle S. Mindlin and Corizon Medical Services. Plaintiff alleges that he suffered an injury, specifically a fracture, to his right elbow when he was arrested on August 2, 2010. He contends that since he was incarcerated with the MDOC on January 14, 2011, he has not been provided the treatment he wants for his elbow injury.

Plaintiff alleges that during the first week of March, 2011, he was seen by an unknown physician at the E.C. Brooks Correctional Facility (LRF). That physician directed Plaintiff to use warm compresses and to stretch his right arm to improve extension and flexion.

Plaintiff was transferred to the Muskegon Temporary Facility (MTF) on April 7, 2012. In that facility he made several healthcare requests regarding the pain, disfigurement, and discomfort in his right elbow.

Plaintiff was transferred back to LRF on May 8, 2013, for x-rays of his right elbow. The x-rays were read by Defendant Dr. Lyle S. Mindlin. Plaintiff attaches Defendant Mindlin's unsigned radiology report to his complaint. (May 8, 2013 Radiology Report, ECF No. 1-1, PageID.7.) Defendant Mindlin found "no conclusive radiographic evidence of fracture, dislocation, osseous or joint pathology." *Id.* His impression was that Plaintiff had a "[n]ormal right elbow." *Id.* Plaintiff contends that Defendant Mindlin misread or altered Plaintiff's x-ray films. (Compl., ECF No. 1, PageID.4.) Plaintiff filed a grievance against Defendant Mindlin more than three years after his radiology report. (Grievance LRF16120236128E, ECF No. 1-1, PageID.13.) The grievance was rejected as untimely. (*Id.*, PageID.13-17.)

On May 24, 2013, Plaintiff was transferred to the Ojibway Correctional Facility (OCF) where he continued to seek medical treatment for pain because of his injured elbow. He filed healthcare requests seeking treatment (OCF Healthcare Requests and Responses, ECF No. 1-1, PageID.34-63), followed by a grievance when he thought the treatment was inadequate. (Grievance OCF1310-628-12D1, ECF No. 1-1, PageID.18-20.)

On August 14, 2015, Dr. Dale Asche ordered x-rays of Plaintiff's right elbow. On August 20, 2015, Dr. Marinus Van Ooyen reported his findings regarding the x-rays:

> There is deformity of the olecranon process which is probably due to a previous fracture. There is considerable arthritic change in the elbow joint at this time. The bones are in normal alignment. I do not see any evidence of a acute fracture. No effusion is seen.
>
> IMPRESSION: Arthritis. Deformity of the olecranon process which is probably due to a previous fracture.

(Radiology Report, ECF No. 1-1, PageID.9.) Dr. Asche reported to Plaintiff that:

> Right elbow shows evidence of a previous fracture. Otherwise there is arthritis. Of note, bone alignment is normal, and no new fracture is present.

(Diagnostic Testing Result Notification, ECF No. 1-1, PageID.8.)

Plaintiff alleges that he made several requests to see an orthopedic surgeon while he was incarcerated at OCF. Each request was denied. He filed another grievance regarding the treatment provided for his elbow on October 1, 2015. (Grievance OCF 1510-0607-12D1, ECF No. 1-1, PageID.21-25.)

Plaintiff has since been transferred to the Baraga Correctional Facility (AMF), the Marquette Branch Prison (MBP) (MBP Healthcare Requests and Responses, ECF No. 1-1, PageID.61-64) and then, finally, to the Kinross Correctional Facility (KCF) (KCF Healthcare

Requests and Responses, ECF NO. 1-1, PageID.65-84). Plaintiff continued to seek additional treatment for his elbow, specifically consultation with an orthopedic specialist. The doctors and nurses offered treatment, but not the specific treatment sought by Plaintiff.

The instant complaint is not the first time Plaintiff has brought to the Court's attention his claim that the doctors and nurses of the MDOC are failing to provide the treatment he wants for his elbow. By complaint dated August 12, 2014, Plaintiff raised the same claims, but he named as defendants OCF, MTF, and LRF. *Rogers v. Ojibway Correctional Facility et al.*, No. 2:14-cv-171 (W.D. Mich.) (herein *Rogers I*) (Compl., 2:14-cv-171, PageID.1-4). The Court dismissed Plaintiff's complaints against the MDOC correctional facilities because of sovereign immunity; but the Court also considered whether Plaintiff had stated a claim against the individual healthcare providers he referenced in his complaint. (Op., 2:14-cv-171, PageID.14-22.) The Court concluded that Plaintiff had failed to sufficiently allege the objective and subjective elements of an Eighth Amendment claim for deliberate indifference to serious medical needs. (Op., 2:14-cv-171, PageID.20-21.)

Plaintiff responded to the *Rogers I* opinion and judgment by filing a motion to amend his complaint to name the individual defendants and to conform his allegations to Eighth Amendment pleading requirements, albeit in very conclusory fashion. (Proposed Am. Compl., 2:14-cv-171, PageID.38-42.) The Court rejected Plaintiff's motion because the case was already closed. (Ord., 2:14-cv-171, PageID.37.)

Plaintiff appealed this Court's *Rogers I* judgment to the Sixth Circuit Court of Appeals. *Rogers v. Ojibway Correctional Facility, et al.*, No. 14-2200 (6th Cir.) (herein *Rogers I Appeal*). After filing his appellate brief, Plaintiff also filed a motion for leave to file an amended complaint. *Rogers I Appeal* (Mot. to Amend, ECF No. 9.) Plaintiff's proposed amended complaint

was virtually identical to the proposed amended complaint he filed in this Court. (*Id.*) The Sixth Circuit affirmed this Court's judgment dismissing Plaintiff's *Rogers I* complaint and rejection of the proposed amended complaint, and also independently rejected as futile the proposed amended complaint that Plaintiff filed in the Sixth Circuit. The Court of Appeals explained:

> The district court properly concluded that the three state correctional facilities named as defendants in Rogers's complaint are not persons under § 1983 and are immune from suit under the Eleventh Amendment. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013).
>
> Moreover, even if Rogers's complaint is construed as seeking relief from individual defendants rather than the state, he failed to allege a constitutional violation. A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a claim of medical mistreatment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013). Rather, a prisoner must show that the physician exhibited "deliberate indifference" to the prisoner's "serious medical needs." *Estelle*, 429 U.S. at 104. "When a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Santiago*, 734 F.3d at 591 (citation and alteration omitted).
>
> Even assuming that Rogers's arm pain constitutes a sufficiently serious medical need, he failed to allege sufficient facts from which to infer that his treating physicians were deliberately indifferent to a serious risk of harm arising from that need. *See id.* Rogers's treating physicians responded to his complaints of discomfort and limited mobility by instructing him to use a warm compress or heating pad, ordering an x-ray that revealed normal results, and offering him pain medication. Rogers's belief that "more should have been done by way of diagnosis and treatment" does not establish deliberate indifference. *Estelle*, 429 U.S. at 107 (holding that, where prison physicians treated prisoner's lower back pain with bed rest, muscle relaxants, and pain relievers, the prisoner failed to state a claim for deliberate indifference based on the failure to pursue additional forms of treatment).
>
> Rogers's proposed amended complaint fares no better. It cures the first deficiency identified by the district court—the failure to name a proper defendant—and, unlike his original complaint, expressly alleges deliberate indifference to a serious medical need. But the amended complaint, like the original

complaint, reflects that Rogers's treating physicians, while not granting his request to see a specialist, took steps to diagnose and treat his condition. Because these allegations do not give rise to an Eighth Amendment claim, amendment would have been futile.

For these reasons, we affirm the district court's judgment and deny Rogers's motion for leave to file an amended complaint.

*Rogers v. Ojibway Correctional Facility*, No. 14-2200, at 2-3 (6th Cir. Mar. 23, 2015).

It is against that backdrop that the Court will consider Plaintiff's present complaint.

## Discussion

I. <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the

pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff alleges that the Defendants have been deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment.

II. Plaintiff's claim against Defendant Mindlin is untimely

State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* MICH. COMP. LAWS § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run

when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220.[1]

Plaintiff's claim against Defendant Mindlin is untimely. He asserts that Defendant Mindlin misread or altered Plaintiff's x-ray on May 8, 2013.[2] Defendant Mindlin's misconduct must have been apparent immediately to Plaintiff. Plaintiff knew he had fractured his right elbow in 2010. (Compl., ECF No. 1, PageID.3.) Defendant Mindlin's radiology report declaring the x-rays "reveal[ed] no conclusive radiographic evidence of fracture, dislocation, osseous or joint pathology" and that Plaintiff had a "normal right elbow" must have appeared to be glaringly incorrect to Plaintiff. (Radiology Report, ECF No. 1-1, PageID.7.) Plaintiff immediately requested additional testing, undoubtedly because he believed the radiology report to be wrong. (Health Care Request, ECF No. 1-1, PageID.32.)

Plaintiff had reason to know of the "harms" done to him during May of 2013, at the time they occurred. Hence, his claims accrued in May of 2013. However, he did not file his complaint until June 7, 2017, well past Michigan's three-year limit. Moreover, Michigan law no longer tolls the running of the statute of limitations when a plaintiff is incarcerated. *See* MICH. COMP. LAWS § 600.5851(9). Even if the statute were tolled during the entire pendency of *Rogers*

---

[1] 28 U.S.C. § 1658 created a "catch-all" limitations period of four years for civil actions arising under federal statutes enacted after December 1, 1990. The Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), which applied this federal four-year limitations period to a suit alleging racial discrimination under § 1981 does not apply to prisoner claims under 28 U.S.C. § 1983 because, while § 1983 was amended in 1996, prisoner civil rights actions under § 1983 were not "made possible" by the amended statute. *Id.* at 382.

[2] Plaintiff makes no allegations against Defendant Mindlin that relate to conduct after May 8, 2013. The documents Plaintiff attached to his complaint reveal that Defendant Mindlin prepared a radiology report based on new x-rays on January 17, 2017. (Radiology Report, ECF No. 1-1, PageID.10.) In that report, however, Defendant Mindlin notes spurring about the coronoid process and the olecranon. *Id.* Plaintiff does not suggest any wrongdoing associated with Defendant Mindlin's January 17, 2017 report.

*I*, (August 12, 2014 to April 16, 2015), Plaintiff's claim would still be untimely. Further, it is well established that ignorance of the law does not warrant equitable tolling of a statute of limitations. *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991); *Mason v. Dep't of Justice*, No. 01-5701, 2002 WL 1334756, at *2 (6th Cir. June 17, 2002).

A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed as frivolous if it is time-barred by the appropriate statute of limitations. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). The Sixth Circuit has repeatedly held that when a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, *sua sponte* dismissal of the complaint is appropriate. *See Dellis*, 257 F.3d at 511; *Beach v. Ohio*, No. 03-3187, 2003 WL 22416912, at *1 (6th Cir. Oct. 21, 2003); *Castillo v. Grogan*, No. 02-5294, 2002 WL 31780936, at *1 (6th Cir. Dec. 11, 2002); *Duff v. Yount*, No. 02-5250, 2002 WL 31388756, at *1-2 (6th Cir. Oct. 22, 2002); *Paige v. Pandya*, No. 00-1325, 2000 WL 1828653 (6th Cir. Dec. 5, 2000). Accordingly, Plaintiff's claim against Defendant Mindlin must be dismissed as frivolous.

### III. No substantive allegations against Corizon Medical Services

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with

any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991).

In the body of Plaintiff's complaint, he fails to attribute any action or failure to act, much less unconstitutional action or failure to act, to Corizon. Plaintiff states only that Corizon is sued in its official capacity and asks the Court to order Corizon (and the MDOC) to allow Plaintiff to see an orthopedic specialist.[3]

An understanding of how Corizon might be liable for violating § 1983 is helpful to evaluating the sufficiency of Plaintiff's allegations. As a starting point, Corizon is susceptible to suit under § 1983 as one acting under color of state law. *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) ("It is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one

---

[3]With respect to Plaintiff's other requests for relief, Plaintiff does not request that the relief be awarded specifically against Defendant Mindlin, Defendant Corizon, or both Defendants.

acting 'under color of state law.'"), *abrogation on other grounds recognized by Warren v. Prison Health Servs., Inc.*, 576 F. App'x 545, 559 (6th Cir. 2014). As a corporate entity, Corizon can only act through its employees.[4] Nonetheless, Corizon cannot be held vicariously liable for the § 1983 violations of its employees under a theory of *respondeat superior*. *Street v. Corrections Corp of America*, 102 F.3d 810, 818 (6th Cir. 1996) ("'A defendant cannot be held liable under section 1983 on a *respondeat superior* or vicarious liability basis. *Monell v. Department of Social Serv.*, 436 U.S. 658 (1978). *Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well.'"). Instead, a private entity acting under color of state law is only liable when the execution of its practice, policy, or custom inflicts the injury or serves as the moving force behind the deprivation of the plaintiff's rights. *See Baker v. Stevenson*, 605 F. App'x 514, 520 (6th Cir. 2015); *Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012); *Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005). Plaintiff makes no such allegations against Corizon. Thus, his allegations fall short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Plaintiff's claim against Corizon, therefore, is properly dismissed.

> IV. If Plaintiff intended to name other healthcare providers as Defendants, his claims would be precluded by the decision in *Rogers I* or properly dismissed for failure to state a claim based upon the persuasive reasoning of *Rogers I*

Plaintiff does not identify any other healthcare providers as Defendants in this action; but, he refers to several of them. Many were also identified as Defendants in his proposed amended complaint in *Rogers I*. When the Court of Appeals determined that the proposed amended complaint

---

[4]*See In re NM Holdings Co.*, LLC, 622 F.3d 613, 620 (6th Cir. 2010) (quoting *Upjohn Co. v. New Hampshire Ins. Co.*, 476 N.W.2d 392, 400 (Mich. 1991) ("'A corporation can only act through its employees . . . .'")).

would be futile, it effectively ruled that Plaintiff had failed to state a claim against those Defendants. *See Riverview Health Institute LLC v. Medical Mutual of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) ("'A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss.'").

*Res judicata* can be a proper basis for dismissal under 28 U.S.C. § 1915(e)(2)(B).[5] This Court's analysis of the *res judicata* issue in *Seaton v. Caruso*, No. 1:10-cv-595, 2010 WL 4962969 (W.D. Mich. Dec. 1, 2010), where the plaintiff also filed serial virtually identical complaints, is compelling:

> The allegations in the instant complaint are similar to those set forth in *Seaton v. Sova et al.*, Case No. 1:08–cv–1131, docket # 9 (W.D.Mich. July 10, 2009). In that action, Plaintiff sued the same nineteen Defendants for violating his rights under the Due Process Clause, the Ex Post Facto Clause and the Equal Protection Clause as to the same 2007 and 2008 major misconduct convictions as in the present action. In the previous action, the court found that Plaintiff did not have a constitutional right to an effective grievance process, failed to allege any involvement by Patricia Caruso that would make her liable as a supervisor, and failed to state claims for assault and battery and for his placement in segregation. *See Seaton*, Case No. 1:08–cv–1131, docket # 9 (W.D.Mich. July 10, 2009). The court dismissed all of Plaintiff's claims against the nineteen prison officials with prejudice for failure to state a claim. *Id.* The Sixth Circuit affirmed the decision on February 4, 2010. *See id.*, Order, docket # 23.
>
> The doctrine of claim preclusion, sometimes referred to as *res judicata*, provides that if an action results in a judgment on the merits, that judgment operates as an absolute bar to any subsequent action on the same cause between the same

---

[5] *See Cieszkowska v. Gray Line New York*, 295 F.3d 204 (2d Cir. 2002); *Gimenez v. Margan Stanley DW, Inc.*, 202 F. App'x 583, 584 (3rd Cir. 2006); *Wash v. Johnson*, No. 01-60279, 2001 WL 1467323, *1 (5th Cir. Oct. 25, 2001); *Leirer v. Ohio Bureau of Motor Vehicles Compliance Unit*, 246 F. App'x 372, 373-374 (6th Cir. 2007); *Hill v. Elting*, 9 F. App'x 321, 321-322 (6th Cir. 2001); *Taylor v. Reynolds*, 22 F. App'x 537, 538-539 (6th Cir. 2001); *Gleash v. Yuswak*, 308 F.3d 758, 760-761 (7th Cir. 2002); *Pointer v. Parents for Fair Share*, 87 F. App'x 12 (8th Cir. 2004); *Seevers v. United States*, 19 F. App'x 626, 627 (9th Cir. 2001); *Kirby v. OCWEN Loan Servicing, LLC*, 641 F. App'x 808, 811 n.2 (10th Cir. 2016); *Harmon v. Webster*, 263 F. App'x 844, 846 (11th Cir. 2008); *Foss v. City of Battle Creek*, No. 1:12-cv-215, 2012 WL 5844896 *3-5 (W.D. Mich. Oct. 23, 2012); *Seaton v. Caruso*, No. 1:10-cv-595, 2010 WL 4962969, *4 (W.D. Mich. Dec. 1, 2010); *Kenyatta v. City of Muskegon Heights*, No. 1:05-cv-849, 2006 WL 374229 (W.D. Mich. Feb. 17, 2006).

parties or their privies, with respect to every matter that was actually litigated in the first case, as well as every ground of recovery that might have been presented. *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir.1994); *see Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 467 n. 6, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982); *see also Bowen v. Gundy*, No. 96–2327, 1997 WL 778505, at *1 (6th Cir. Dec.8, 1997). Claim preclusion operates to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and by preventing inconsistent decisions, encourage reliance on adjudication. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). In order to apply the doctrine of claim preclusion, the court must find that (1) the previous lawsuit ended in a final judgment on the merits; (2) the previous lawsuit was between the same parties or their privies; and (3) the previous lawsuit involved the same claim or cause of action as the present case. *Allen*, 449 U.S. at 94; *accord Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981).

The three elements of *res judicata* are satisfied in this case. First, Plaintiff previously filed a nearly identical action in this Court, which was dismissed on July 10, 2009, for failure to state a claim. *See Seaton*, Case No. 1:08–cv–1131, docket # 9. The claims in the previous case therefore were fully adjudicated and determined to be without merit. Second, in the instant action, Plaintiff sues the same nineteen Defendants named in the previous case. Third, the claims asserted in both cases concern the same 2007 and 2008 major misconduct convictions. Because the claims in the instant case either are the same as those presented in the previous action or could have been litigated in the previous action, the third element has been met. As a result, Plaintiff's claims in the instant action are barred by *res judicata*.

*Seaton*, 2010 WL 4962969, *3.

As in *Seaton*, the allegations Plaintiff makes now in this action are indistinguishable from the allegations he made in his proposed amended complaint in the Sixth Circuit Court of Appeals in the *Rogers I* Appeal. That court has already determined that those allegations, at least with respect to Plaintiff's claims through September 30, 2014, the date of Plaintiff's proposed amendment, fail to state a claim. *Rogers I* ended in a final judgment, the parties are the same, and the claims are the same. Accordingly, those claims are barred by *res judicata*.[6]

---

[6] A claim dismissed because of a *res judicata* bar is properly characterized as frivolous. *See Murray v. Reed*, No. 02–2458, 2003 WL 21377472, at *1 (6th Cir. June 12, 2003) (affirming dismissal of claim barred by res judicata as frivolous); *Taylor v. Reynolds*, No. 01–5059, 2001 WL 1450693, at *1 (6th Cir. Nov.8, 2001) (same).

To the extent Plaintiff intended to name other referenced healthcare providers as Defendants with respect to conduct that postdated his *Rogers I* proposed amended complaint, the Sixth Circuit's decision in *Rogers I* would not bar those claims. Nonetheless, the Sixth Circuit's decision provides an overwhelmingly persuasive argument that the more recent claims should also be dismissed because the conduct alleged simply does not rise to the level of an Eighth Amendment violation. Whether considered from 2011 to 2014, the time frame at issue in *Rogers I*, or from 2014 to date, the Sixth Circuit's determination holds true:

> Rogers's treating physicians responded to his complaints of discomfort and limited mobility by instructing him to use a warm compress or heating pad, ordering an x-ray that revealed normal results, and offering him pain medication. Rogers's belief that "more should have been done by way of diagnosis and treatment" does not establish deliberate indifference.

*Rogers v. Ojibway Correctional Facility*, No. 14-2200 at 3 (6th Cir. Mar. 23, 2015). There is nothing in Plaintiff's current allegations or the medical record he has supplied that bolsters his claim that his healthcare providers have been deliberately indifferent to his serious medical need. Accordingly, Plaintiff has failed to state such a claim against them.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed as frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the

$505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

        This is a dismissal as described by 28 U.S.C. § 1915(g). It is Plaintiff's third such dismissal.

        A Judgment consistent with this Opinion will be entered.

Dated: __July 12, 2017__           __/s/ Paul L. Maloney__
                                                        Paul L. Maloney
                                                        United States District Judge